# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# BATESVILLE DIVISION

FAHIM JAMAL RASHAD                                                                              PLAINTIFF

V.                                       NO: 1:13CV00059 DPM/HDY

JOHN FERGUSON *et al.*                                                                      DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D.P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.  Why the record made before the Magistrate Judge is inadequate.

2.  Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.  The detail of any testimony desired to be introduced at the

>hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff Fahim Jamal Rashad, currently held at the Independence County Detention Facility, filed a *pro se* complaint, pursuant to 42 U.S.C. § 1983, on July 1, 2013. Defendants are Lt. John Ferguson, Sgt. Delora McFatter, and officers Donald Vaulner, and John Chiaromonte, all of the Independence County Detention Facility.

### **I. Screening**

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. Fed.R.Civ.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to

relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 570. However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## II. Analysis

According to Plaintiff, he was showering on June 27, 2013, when Chiaromonte told him he had a certain amount of time to finish, or Chiaromonte would call his "enforcers" to harm him. As a result of the threats, Plaintiff was not able to completely shower, and was unable to properly dry off afterward. Plaintiff's complaints to supervisors were allegedly ignored. Because the facts Plaintiff has alleged fail to state a claim for relief, his complaint should be dismissed.

Verbal threats generally do not rise to the level of a constitutional violation. *See Hopson v. Fredericksen*, 961 F.2d 1374, 1378 (8th Cir.1992). An exception to this rule is when the verbal threat rises to the level of a "wanton act of cruelty" so that the inmate is in fear of "instant and unexpected death at the whim of his allegedly bigoted custodians." *Burton v. Livingston*, 791 F.2d 97, 99-100 (8th Cir.1986). None of the actions described in Plaintiff's complaint would put him in fear of instant and unexpected death, and therefore the actions do not rise to the level of a constitutional violation.

To the extent that Plaintiff is pursuing a claim for not being allowed to complete his shower, the Court notes that even missing a shower altogether on one occasion does not amount to a

constitutional violation. *See Smith v. Copeland*, 87 F.3d 265, 268 (8th Cir.1996); *Frye v. Pettis County Sheriff Dept.*, 41 Fed.Appx. 906 (8th Cir. 2002)(unpub. per curiam) (to prevail on a conditions of confinement claim, inmates or pre-trial detainees must show they were denied the minimal civilized measure of life's necessities, or to subjected to a substantial risk of serious harm); *Abernathy v. Perry*, 869 F.2d 1146, 1149 (8th Cir. 1989)(inmate was allowed two showers per week while on investigative status for 35 days). Additionally, Plaintiff's vague allegations regarding "reprisals" to "correct this false arrest," and that there was "something going on" with his recreation or dining are simply too vague to state a claim for relief. According, Plaintiff's complaint should be dismissed.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's complaint be DISMISSED WITHOUT PREJUDICE for failure to state a claim upon which relief may be granted.

2. This dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).

3. The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this __8__ day of July, 2013.

_____
UNITED STATES MAGISTRATE JUDGE